IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 29, 2025 Session

## CHRISTOPHER BASSETT v. STATE OF TENNESSEE

Appeal from the Criminal Court for Knox County
No. 125541          Steven W. Sword, Judge

_____

### No. E2024-00158-CCA-R3-PC

_____

The Petitioner, Christopher Bassett, appeals from the Knox County Criminal Court's denial of his petition for post-conviction relief from his convictions for one count of first degree murder; five counts of attempted first degree murder; three counts of attempted second degree murder; two counts of unlawful possession of a firearm; eight counts of employing a firearm during the commission of a dangerous felony; and eight counts of employing a firearm during the commission of a dangerous felony having been convicted of a drug offense, and his effective sentence of life plus thirty-five years. The Petitioner alleges that the post-conviction court erred by denying relief on his ineffective assistance of counsel claims. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TOM GREENHOLTZ and KYLE A. HIXSON, JJ., joined.

Daniel L. Bell, Knoxville, Tennessee, for the Appellant, Christopher Bassett.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Charme Allen, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions relate to a shooting at a Knoxville apartment complex. The State's theory was that the shooting was gang-related and in retaliation for an earlier shooting. At the trial, a witness identified a black BMW as being at the

apartment complex where men wearing black hoodies fired guns toward six teenagers gathered on a porch. None of the teenagers were gang members, but the shooters were associated with a gang. One teenager was shot and killed. As a result of video surveillance recordings and other evidence, a Knoxville Police Department investigator interviewed the Petitioner. The Petitioner admitted during the interview that he owned a black BMW, that he drove to the apartment complex, and that he and Brandon Perry fired guns at the people on a porch. *See State v. Richard G. Williams, Kipling Colbert, Jr., and Christopher Bassett, Jr.*, No. E2019-02236-CCA-R3-CD, 2022 WL 152516, at *1-2 (Tenn. Crim. App. Jan. 18, 2022), *perm. app. denied* (Tenn. Aug. 4, 2022).

The Petitioner's convictions were affirmed on appeal and the Tennessee Supreme Court denied his appeal for review. *Id.* The Petitioner filed a pro se petition for post-conviction relief in which he alleged that he received the ineffective assistance of trial counsel because counsel failed to (1) challenge the admission of his police statement on the ground of the Petitioner's intoxication; (2) consult with an expert regarding a false confession; and (3) consult with a crime scene expert. Post-conviction counsel was appointed.

At the post-conviction hearing, trial counsel testified that he conducted an extensive investigation, reviewed discovery, "chased down" leads, and utilized expert witnesses and an investigator. Counsel stated that he and the Petitioner formulated a defense strategy and that he filed numerous pretrial motions, including a motion to suppress the Petitioner's police statement. Counsel said that he "did not feel like it would be fruitful" to consult a false confession expert given the nature of the proof, the Petitioner's statement, and his conversations with the Petitioner. Counsel said that a crime scene expert was not needed because co-counsel had worked with the Knoxville Police Department for over twenty years and was familiar with police procedures and crime scene investigative techniques. Counsel acknowledged that the only evidence indicating the Petitioner was at the scene of the shooting was the Petitioner's statement.

Trial counsel read aloud from the suppression hearing transcript where the assistant district attorney acknowledged that if the Petitioner had ingested alcohol and pain medication prior to the interview "we might have a problem" with admissibility of the statement. Counsel did not recall offering proof at the suppression hearing that the Petitioner had been under the influence of drugs or alcohol at the time of the interrogation. Counsel did not recall knowing that the Petitioner had a hydrocodone prescription or whether facts about the prescription were included with the motion to suppress the Petitioner's statement. Counsel acknowledged that the Petitioner had been injured in an automobile accident on the day before giving his statement. Counsel said that because the Petitioner's statement placed the Petitioner at the crime scene, the defense strategy focused on whether law enforcement preserved the integrity of the crime scene.

-2-

The post-conviction court denied relief, finding that the Petitioner failed to prove trial counsel's performance was deficient or that the Petitioner suffered prejudice. This appeal followed.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

-3-

would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Petitioner alleges that the post-conviction court erred by denying relief on his claim that his trial counsel was ineffective for failing to challenge the admission of the Petitioner's statement as being involuntary due to his intoxication. The Petitioner claims that the State conceded in argument at the suppression hearing that if the Petitioner had been under the influence of drugs and alcohol at the time he gave a statement, the prosecution "might have a problem." Post-conviction counsel during oral argument asked this court to note that intoxication was discussed during the suppression hearing to show that trial counsel was aware that the Petitioner might have been impaired at the time he gave his statement. The Petitioner contends that because counsel was aware of the intoxication at the suppression hearing, counsel's failure to offer any proof of impairment constituted deficient performance. The Petitioner alleges that there is a reasonable probability that presenting intoxication evidence at the suppression hearing would have made it more likely that the trial court would have suppressed his statement, thereby resulting in a different outcome at the trial. The State argues that the Petitioner failed to introduce evidence at the post-conviction hearing indicating that the Petitioner was intoxicated when he gave his statement to the police and that the officers who were with the Petitioner at the time he gave his statement testified at the trial that they did not detect the odor of alcohol or observe any signs of intoxication.

The post-conviction court credited the testimony of trial counsel and found that counsel's defense strategy was "greatly hampered" by the Petitioner's police statement and that counsel sought suppression of the Petitioner's statement. The court noted that the Petitioner included in his post-conviction petition a copy of a hydrocodone prescription dated three days before his police interview. The court found that there was no evidence that the Petitioner took hydrocodone on the day of his statement or "that he was under the influence of an intoxicant at the time he gave his statement to the police, only that he had been given a prescription for some pain medication prior to the incident." The court also noted the trial court's finding at the suppression hearing that the Petitioner "seemed completely coherent" and "show[ed] no evidence that the [Petitioner] was impaired" at the time he gave his statement to the police.

The record does not preponderate against the post-conviction court's findings. The record reflects that the Petitioner offered no evidence that he was impaired at the time he gave his police statement or showed what proof his trial counsel could have offered at the suppression hearing to show impairment. The record supports the court's conclusion that the Petitioner failed to demonstrate any deficiency or prejudice on this issue by clear and convincing evidence. The Petitioner is not entitled to relief on this basis.

The Petitioner alleges that the post-conviction court erred by denying relief on his claim that trial counsel was ineffective for failing to consult with an expert regarding false confessions and that counsel's deficiency prejudiced the Petitioner's defense. The State argues that counsel's decision not to consult an expert was a reasonable strategic decision. The court found that the Petitioner did not present the testimony of a false confession expert, and it declined to speculate that such an expert would provide favorable evidence for the defense. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). As this court has made clear, when a petitioner contends that counsel was deficient for failing to present a witness at the trial in support of his defense, that witness should be presented at the post-conviction evidentiary hearing. *Id.* The record supports the court's determination that the Petitioner did not establish by clear and convincing evidence that any deficiency or prejudice on this issue existed. The Petitioner is not entitled to relief on this basis.

The Petitioner alleges that the post-conviction court erred by denying relief on his claim that trial counsel was ineffective for failing to consult with a crime scene expert. The Petitioner argues that counsel's failure to consult an expert "highlights a failure to properly investigate[] avenues for [the Petitioner's] defenses." The State argues that counsel's decision not to hire a crime scene expert was a reasonable strategic decision. The post-conviction court found that co-counsel was an attorney with extensive crime scene experience from a twenty-year law enforcement background and that the Petitioner did not offer any evidence at the post-conviction hearing from a crime scene expert.

A petitioner "may not second-guess a reasonably based trial strategy by his counsel[.]" *Adkins*, 911 S.W.2d at 347. The record supports the court's determination that because of co-counsel's extensive law enforcement background, counsel's decision not to consult a crime scene investigator was a reasonable strategic decision. In addition, the Petitioner failed to present such an expert at the hearing. *See Black*, 794 S.W.2d at 757. The record supports the post-conviction court's determination that the Petitioner did not establish any deficiency on this issue by clear and convincing evidence. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE

-5-